WRIGHT W. HARRELL, plaintiff in error, *vs.* HANNUM & COLEMAN, defendants in error.

1. Citizens generally have no strict right of common of pasture in the "woods," or upon the unenclosed lands of others; and an injunction will not be granted to restrain land-owners or other persons from unlawfully firing the woods at undue seasons of the year, to the injury or destruction of the range for cattle, where the injunction is applied for by a proprietor of cattle who rests his bill upon the right of common of pasture, but shows no right other than that enjoyed, or which might be enjoyed alike by the public in general.

2. If equity will, in any case, restrain a breach of the law which restricts the firing of the woods to the months of February and March, will it do so where the system of burning complained of is a few acres at a time, and where cause for penal actions and criminal prosecutions on account of past execution of the system has already happened, and the complainant does not show by his bill that he has either sued or prosecuted the defendants for their past acts?  *Quære ?*

Injunction.  Common of pasture.  Before Judge PATE. Dodge County.  At Chambers.  January 8th, 1876.

Reported in the opinion.

L. A. HALL, for plaintiff in error.

J. F. DeLACEY, for defendants.

BLECKLEY, Judge.

This case presents a contest over cattle and turpentine. The herdsman makes a stand against the aggressions of the manufacturer.  The man whose vocation it is to turn the herbage into beef rises up against the man who seeks to convert the trees into turpentine.  The disputed element is fire. Fire is the friend and ally of him who seeks after turpentine,

Harrell *vs.* Hannum & Coleman.

but the mortal enemy of him who rejoices in the possession of many cattle. The one ranges the forest with his brands of burning; the other, in alarm, cries fire! and clamors for its extinction by a court of equity. And equity, it seems, finds this a difficult business. The fire department of the court is very indifferent. It is wanting in hooks and ladders, engines and other appliances, and has no water works. How equity is to put out fire, or to prevent it from spreading, is more than we know, without some thoughtful consideration. The complainant, however, is in court with his application for aid by the writ of injunction; and that is a writ which has arrested many things, and may possibly arrest fire itself. Let us see.

1. Looking first to the mere power of the court to meddle in the matter, equity cannot interfere to save property, even in cases of conflagration, without he who applies for its aid shows that he has an interest in what is about to be burned. The right alleged must be one which the law recognizes as property. The complainant has made an effort to comply with this indispensable [condition by averring that he has, in the woods in question, the right of common of pasture for his cattle, which are numerous, and which have been accustomed to range in those woods heretofore. The position of the bill is, not that the burning is a nuisance because the cattle will go there, to their injury, and cannot be prevented from browsing on the impoverished burned patches, so long as the lands are left unenclosed, but that it is the complainant's right for them to be there in the woods and enjoy pasture. This is substantially what is alleged on the subject of his title; and we are constrained to say that it is wholly insufficient. He does not set forth any contract, prescription or other lawful basis for the right he claims. He presents no state of facts showing it to be a right in him to pasture his cattle there, which would not have equal validity in favor of all mankind. For ought that we can see in his bill, all the inhabitants of Georgia, at least, might claim with him a similar and co-equal privilege. This vastness of extent as to the number of beneficiaries might

hold as to some matters; such, for instance, as the public roads, the navigable rivers, etc., but not, we apprehend, as to common of pasture upon lands which are all private property. For the right to be in anybody it is essential that it should not be in everybody. What belongs to the world at large, is no man's in particular : 51 *Georgia Reports*, 74. It will be already clear that in our judgment, a court of equity cannot visit the scene of the fire at the complainant's instance. He is, legally speaking, a mere spectator of whatever destruction may happen to the grass in that region, unless he shall choose to change his forum and try penalty instead of injunction.

2. It is an act which subjects the perpetrator both to penal action and to indictment, to burn the woods, except within the time, and after the notice prescribed by law: See Code, sections 1456, 1457, 1458. From the record before us it appears that the defendants, for the benefit of their turpentine business, act upon a system in firing the woods, and have already had one or more burnings of a few acres, in part execution of that system. Even if the complainant had the right of common which he claims, it would be a grave question whether, in view of the apparently adequate resources which the Code affords by suit and indictment, the complainant would not be left to the risk of future fires until he had tried to prevent them by suing and prosecuting for those of the past.

Judgment affirmed.