THOMAS S. POWELL, plaintiff in error, *vs.* JAMES A. FOSTER defendant in error.

The Code, section 4094 to 4098, furnishes a summary remedy for the abatement of nuisances, public or private: 18 *Ga.*, 530. That the remedy would not prove effectual, ought not to be anticipated, at least by a reviewing court, where the chancellor, upon a considera-tion of all the facts, has denied injunction on account of the ade-quacy of the legal remedy: 2 *Kelly*, 154; 3 *Ib.*, 140.

JACKSON, Judge, dissented.

Injunction. Nuisance. Before Judge KIDDOO. Randolph County. At Chambers. September 21st, 1877.

Reported in the opinions.

A. HOOD; JNO. T. CLARKE, for plaintiff in error.

. B. S. & W. C. WORRILL, for defendant.

BLECKLEY, Judge.

. The nuisance complained of may be easily and expedi-tiously abated by the municipal government of Cuthbert. Code, §4095. "A little water clears us of this deed." It will put out all the fire in the establishment, and, that done, the nuisance will cease. Or, if the fire should be rekindled, and operations renewed, the order of abatement may be still more effectually executed by dismembering, or, if necessary, demolishing the property. What is local city government for, if not to deal with such a case as this? A dangerous fire is maintained in the heart of a city, day after day, and

instead of calling on the municipal authorities to stop it, a bill is filed, and the chancellor importuned for an injunction. What is the obstacle to resorting to the mayor and council for protection, and obtaining it at once? The chancellor could see none, nor can a majority of this court. To anticipate the inefficiency of a statutory remedy exactly adapted to the case, and apparently adequate and complete, is warranted neither by precedent nor any general principle. Should the remedy be tried, and obstacles to its speedy success actually arise, it may then be in order to invoke the interposition of chancery by injunction. 56 *Ga.*, 508.

Cited by counsel for complainant: (Nuisance) 5 Vesey, 129; 19 *Ib.*, 616; Adams' Eq., 417, 418, note; High Inj., §491, p. 274, note; Bouvier's Dic., "Nuisance"; (Injunction) *Id.*; High Inj., 268; Story's Eq., §924, *et seq.*; Adams' Eq., *supra*; 2 Black, 485; 18 Curtis Con. Rep., 6; 6 Johns Ch., 439, top p.; Code, §2998; 30 *Ga.*, 506; Wood Nuis., §769, and notes; (time of application) Code, §§3002, 3210; Wood Nuis., §§796, 798; High Inj., 268, 272; (abatement) Wood Nuis., 769, and notes.

Cited by counsel for defendant: (Injunction) Code, §3002; 20 *Ga.*, 350, 537; 28 *Ib.*, 30; 18 *Ib.*, 528; 44 *Ib.*, 617.

Judgment affirmed.

WARNER, Chief Justice, concurred, but furnished no written opinion.

JACKSON, Judge, dissenting.

The facts of this case, as developed by the bill, answer and affidavits, show, I think, imminent danger from fire to the property of the complainant and of other business houses in the heart of the city of Cuthbert, as well as constant annoyance from cinders, soot, smoke, etc., etc., from a steam grist-mill improperly worked by a defective engine and boiler. The houses were set on fire several times, and the defect of the engine and smoke-stack does not appear to

have been remedied so as to avoid constant danger, night and day. If there be no adequate and complete remedy at law, and if the complainant has not by *laches* in neglecting to interfere until the erection of the nuisance, lost his right to complain, the case seems imperatively to demand the interference of the chancellor by injunction.

Is the right forfeited by *laches?* It is proven beyond question or cavil, that the complainant demanded of the defendant, while he was erecting the machinery, whether or not he intended to work the steam engine *there*, and the reply was that he did not, but after trial he meant to move the establishment out of the city to a place where no danger could ensue from its operations. So that there is no reasonable ground to impute *laches* to the complainant—his conduct having been superinduced by the fact that defendant put him off his guard by stating that he intended to do what he did not do.

Is the remedy at law as adequate and complete as in equity by injunction?

The Code, §4095, it is true, does give to the mayor and council the power to abate the nuisance; but from their judgment there could be an appeal, by *certiorari* or otherwise, to the superior court, and the delay would be necessarily long, and complainant's property might be burnt up before the nuisance could be abated. If it be said that the defendant would be required to give security for damages in the event that he appealed, the answer is that he could, and probably would, *certiorari* or appeal in *forma pauperis*, for the allegation is that he is insolvent.

Besides, fire in a city, in the very heart of its business portion and densest population, is always attended with danger to human life, which is irreparable in damages.

It may be said that equity would then interpose by injunction, but not until delays showed the remedy at law inadequate. The reply is that *then* it might be too late. From the facts shown here, there is reasonable certainty of danger every moment, and equity should not one moment hesitate to do

what in the end it is probable she will be forced to do, lest her hesitation should cause damage to life and property wholly irreparable without her aid.

It may be argued that the Code, §3002, only empowers equity to interfere *before* the nuisance is *completed;* but this is a nuisance which is never completed—its gravamen consists in the illegal use of improper machinery—and that use is continuous and daily, and the danger from it continuous and momentary.

Besides, if the facts sworn to be true, it was the false statement of the defendant which prevented the complainant from interposing while the machinery was being erected and before its completion.

For these reasons, while averse to interference with the chancellor's discretion in ordinary cases of application for injunctions, and reluctant to do so in any case, my judgment upon the facts here makes this danger from this nuisance so imminent that I would reverse the decision below if I could, and order the injunction to be granted until the hearing.