BOYKIN, SEDDON & COMPANY *et al. v.* EPSTEIN & WANNBACHER *et al.*

The refusal by a judge of the superior court to hear and determine a petition for injunction and the appointment of a receiver, before the same has been verified as required by law, was not error.

March 16, 1891.

Injunction and receiver. Practice. Before Judge FALLIGANT. Chatham county. At chambers, November 12, 1890.

Reported in the decision.

CHARLTON & MACKALL, J. R. SAUSSY, R. R. RICHARDS, W. R. LEAKEN, O'CONNOR & O'BYRNE, U. H. McLAWS, LAWTON & CUNNINGHAM and ROCKWELL & MORGAN, for plaintiffs.

GARRARD & MELDRIM and DENMARK, ADAMS & ADAMS, for defendants.

LUMPKIN, Justice.

The plaintiffs in error presented to the judge of the superior court of Chatham county their petition praying for the appointment of a receiver of the firm of Epstein & Wannbacher, and also for an injunction against them and a large number of their creditors. This petition was not sworn to, nor in any manner verified, when presented to the judge, who, without observing the same, granted a restraining order and rule *nisi*, and appointed a time for the hearing of the petition. At the hearing, petitioners announced themselves ready to prove the allegations of the petition by affidavits, witnesses, books, and records of the court, and especially by the books of Epstein & Wannbacher, then in court. No affidavit, or proof of any kind, was attached to the petition itself for the purpose of verifying it; but, nevertheless, plaintiffs insisted that the hearing should proceed, and that they had a right to submit their proof in support of their petition while the hearing was in progress, contending that this would be such a verification thereof as the law contemplated. The judge declined to hear any part of the proof thus offered, or to permit petitioners to verify the petition in this way; set aside the temporary restraining order previously granted, and discharged the rule to show cause, upon the ground that the petition was not verified in the manner prescribed by law.

The act of 1887 (Acts of 1886-7, p. 65) provides

"That no petition needs to be verified, unless it seeks an extraordinary equitable relief, or remedy, in which case it must be." This act, therefore, imperatively requires that a petition for injunction and receiver must be verified, and the judge, certainly, may demand that this be done before taking action or allowing a hearing to be had thereon. If, as contended by the learned counsel for the plaintiffs in error, proof of the allegations at and during the hearing would be sufficient verification, there would have been no need at all for passing the statute cited, because as no injunction could be properly granted, or receiver appointed, unless facts authorizing such relief are proved to the judge, it follows that, unless the statute means to provide for a verification of the petition in some way, previous to action thereon by the judge, it is useless, and serves no practical purpose. It may be said in reply to this, that the judge could not appoint a receiver, or grant a restraining order or other like relief before the petition has been verified, but that he could grant a rule to show cause before this was done. The statute makes no such distinction. Its evident purpose was that nothing putting in motion the extraordinary powers of the court should be done by the judge until the application for the exercise of such powers has been vouched for by some kind of proof or verification. A rule *nisi* on such a petition is as much a part of the "equitable relief or remedy" sought as a restraining order or one appointing a receiver, and the law means that no part of this relief can be had upon an unverified petition. We do not mean to hold that the verification required by law can be made only by an affidavit attached to the petition, or that the judge may not, at the hearing, allow the verification to be made. It may be that other forms of proof could be attached to the petition, or accompany and be exhibited with it, which would authorize the

judge, if he saw proper, to proceed, and he may in his discretion, at the hearing, allow the petition to be verified ; but he cannot, in the face of the statute, be compelled to allow the hearing to take place without any verification.    In the present case, the plaintiffs squarely insisted, as a matter of right, upon having their petition heard on its merits without verification of any kind preceding the hearing, and this, we think, they could not demand when the judge only required a compliance with the law.    It follows, therefore, that he committed no error in refusing, under the circumstances, to proceed further with the investigation.

*Judgment affirmed.*