SASSER v. OLLIFF & KENNEDY.

1. Where three civil suits were pending in the superior court, and the defendant therein employed the attorney who brought the suits to defend him in a criminal case, and this attorney advised him to remain away from the court so that he could not be tried at that term in the criminal case, but gave him no advice as to the civil suits, to which no defence had been filed, and the court rendered judgment therein, there was no error in denying an injunction against the judgments on the ground that the defendant was advised to stay away from the court on account of the criminal case.

2. It was not cause for an injunction that the petitioner had employed counsel to defend the civil actions, and had received a message from him that he was sick and that all of his cases would be continued for the term, the petition for injunction failing to allege that the message or any part of it was true.

3. It is not error to deny an injunction where the only evidence in support of the allegations of the petition is an affidavit that " the facts contained in the foregoing petition, so far as concerns my own act or deed, are true of my own knowledge, and what relates to the acts or deed of any other person, I believe to be true."
   *Bailey* v. *Bailey*, 90 *Ga.* 435.                              *Judgment affirmed.*
   November 14, 1892.

Before Judge GAMBLE. Bulloch county. At chambers, October 4, 1892.

A petition for injunction was presented on October 4, to restrain the enforcement of judgments rendered by default on April 25, 1892, on promissory notes

given for deferred payments of purchase money of land. On considering the petition the judge denied the injunction, and the petitioner excepted. He alleged, in brief, as follows:

On December 23, 1889, he purchased of Olliff & Kennedy a tract of land in Bulloch county for $2,500, paying a large amount in cash and the balance in notes, said purchase being by the acre. At the time of the purchase Kennedy, a member of said firm, represented to him that there were 450 acres in the tract, which representation he knew to be false, for the firm on February 17, 1888, purchased said tract from one Nessmith, and were informed by Nessmith at the time of the execution of his deed that the tract only contained 537 acres, "and after being informed as aforesaid as to the number of acres, insisted upon and did then and there of his own volition increase said number of acres 63, making a total of 600 acres." Afterwards Olliff & Kennedy sold off to one Harville 200 acres of the tract, leaving 337 acres according to original deeds, and 400 acres according to their own deed. But at the time of said purchase, defendant Kennedy, for the manifest purpose of defrauding and deceiving petitioner, knowingly and wilfully increased said number 50 acres more. Petitioner has had the tract surveyed by the county surveyor, and there are in fact only 229 acres therein, "a difference of 151 acres at $5.55$\frac{5}{9}$ per acre, a total cost of $858.88$\frac{8}{9}$, for which petitioner receives no consideration, and which of itself shows clear fraud." At the time of the purchase he gave his nine promissory notes, with C. W. Zetterrower, C. C. DeLoach, Allen Lee and Berrien Davis as security, for the sum total of $720.84 principal, with interest from maturity, and ten per cent. attorney's fees. Petitioner, relying upon and confiding implicitly in the representations of Kennedy as to the quantity of acres in the tract, was deceived, misled and

defrauded into giving his notes, acting in good faith
and believing he was getting 450 acres, when he would
not have made the purchase and given the notes had he
known of the deficiency. In the exercise of all dili-
gence, so soon as he discovered the deficiency he went
and told Kennedy that they had deceived and defrauded
in the sale of the land; and Kennedy then and there
admitted that the land was not there, and that it was
a mistake or oversight of his, but refused to make this
amount good. Suit was brought on the notes at the
April term, 1891, of Bulloch superior court; and peti-
tioner, intending to make a defence, employed T. H.
Potter, then a practicing attorney of said court, and
paid him $20 as a part of his fee; and the three cases
stood for trial at the October term, 1891, but for some
reason unknown to petitioner they were continued to
the April term, 1892. A few days previous to the last
term, petitioner had the misfortune to shoot and kill
one Shep Hodge, and afterwards employed, as coun-
sel to defend him for the shooting of the negro, D. R.
Groover who was then attorney for Olliff & Kennedy
and suing him on the notes. He was advised by Groover
to conceal himself and not surrender to the sheriff until
the last day of court. This was contrary to peti-
tioner's will and desire. He was on the superior court
ground of Bulloch county before the opening of court
on Monday morning, and came with the manifest pur-
pose of surrendering himself to the sheriff, because he
desired to be present and defend said cases, but his
counsel would not permit him to surrender. He exer-
cised all possible diligence to ascertain what disposition
would be made of his cases, and sent a special friend
to make inquiry of Potter, and in reply received a mes-
sage that Potter was sick in bed, and that all of his
cases would be continued for the term. Relying on
this message and on the advice of Groover, he gave the

·cases no further thought, believing that they were continued or would not be called for trial; but he was surprised afterwards to find that judgments had been rendered against him. He was surprised, deceived, defrauded out of his day in court, though he had a good ·defence, to wit, apportionment or rescission for fraud in the sale of the land, or a failure of consideration, which he would have made had he not been so prevented. Executions have issued on the judgments, and he is threatened with an immediate levy of them on his property. He has no adequate remedy at law to prevent a sale of his property thereunder; but the notes were obtained and the judgments rendered by fraud, for which reason they are null and void, and ought in ·equity and good conscience to be delivered up and can·celled. Wherefore he prays, etc.

H. B. STRANGE and R. LEE MOORE, for plaintiff.
No appearance *contra*.