## LEGG *et al. v.* ANDERSON.

1. A suit brought upon the petition of a number of individuals describing themselves as citizens of a given county and residents of a named city, and as "mayor and councilmen" of such city, is the suit of the individuals named in the petition, and the words describing the plaintiffs as "mayor and councilmen" of the city may be properly stricken as surplusage.
2. The remedy provided in the act of December 19, 1899, for abating by injunction as a public nuisance a "blind tiger," is cumulative of other remedies provided in the law of this State, and may be made available even in a case where the other remedies are themselves complete and adequate.

Argued October 9,—Decided October 29, 1902.

Petition for injunction. Before Judge Gober. Cobb superior court, July 15, 1902.

*J. E. Mozley* and *D. W. Blair*, for plaintiffs.

*J. Z. Foster*, for defendant.

COBB, J. This was an application under what is known as the "blind tiger law" of 1899 (Acts 1899, p. 73, Van Epps' Code Supp. § 6654 et seq.), to enjoin the defendant from maintaining a blind tiger upon premises owned by him. The plaintiffs alleged that they were citizens of the county in which the suit was brought, and resided in the City of Marietta and were mayor and council of that city.

The latter allegation was stricken by amendment. It was alleged that the defendant was the owner of a livery-stable in the City of Marietta, that the blind tiger was operated upon the premises on which the stable was located, that liquor was stored on the premises for the purpose of unlawful sale, and that the defendant kept in his employ a number of persons who made sales of liquors in violation of law, with the knowledge and consent of the defendant. The prayer of the petition was that the defendant be enjoined from selling spirituous, malt, or intoxicating liquors upon the premises above referred to, and from authorizing or permitting any one else to sell or exchange such liquors in violation of law. The defendant filed an answer in which he denied all of the material averments of the petition, and also, as cause why the injunction should not be granted, offered a demurrer which set up that there was no equity in the petition, and that the plaintiffs had an adequate and complete remedy at law by pursuing the method provided in the Civil Code for the abatement of nuisances, or that provided in the charter of the City of Marietta, or by prosecution under the penal laws of the State. The judge refused to grant the injunction, and the plaintiffs excepted.

This was a suit by the plaintiffs as citizens of the County of Cobb, and not a suit by them in their capacity as mayor and councilmen of the City of Marietta. Even as originally filed the words " mayor and councilmen of the City of Marietta" did not make the suit one by the corporation, and it was not improper to allow an amendment striking these words, because they were simply descriptio personarum.

Under the uncontradicted evidence a blind tiger, within the meaning of the act of 1899, was being operated upon the premises of the defendant. The evidence disclosed that an employee of the defendant was habitually engaged in the sale of liquor upon the premises, such sales being conducted in a portion of a building to which the general public was not admitted. Without regard to the difference of opinion that existed among the members of this court at the time the case of *Cannon* v. *Merry*, 116 *Ga.* 288, was decided, as to what was a "blind tiger" within the meaning of the act under consideration, we all agree that the evidence in this case demanded a finding that a blind tiger was being operated upon the premises of the defendant. While the evidence does not show that

the defendant was present at any time when sales of liquor were made by his employee, it does appear that the sales were conducted upon the defendant's premises, in his building, in a room adjoining his bedroom, for at least two years prior to the filing of the petition, by a person who had been in his employment for ten years or more, who had been more than once indicted by the grand jury for the illegal sale of liquor, had pleaded guilty under these indictments with the knowledge and apparently with the approval of the defendant, and had been thereafter retained by the defendant in his employment.    The evidence demanded a finding that this employee was operating a blind tiger upon the premises of the defendant with the knowledge and consent of the defendant.

It is said, though, that a court of equity will not take jurisdiction of an application to abate a nuisance in any case where there is a complete and adequate remedy at law for this purpose; and we are referred to the cases of *Harrell* v. *Hannum*, 56 *Ga.* 508, *Powell* v. *Foster*, 59 *Ga.* 790, and *Broomhead* v. *Grant*, 83 *Ga.* 451, as authority for this proposition.    It is suggested that both the Civil Code and the charter of Marietta provide ample remedies for abating nuisances, and that a prosecution for a violation of the criminal law would be effectual to prevent the further illegal sale of liquors on the defendant's premises.    It is then argued that there is nothing in what is known as the " blind tiger law " which abrogates the rule that the extraordinary remedies of a court of equity will not be called into operation when there is a remedy at law both adequate and complete.    Even if it be conceded that equity would not enjoin the operation of any other nuisance than a blind tiger, unless some special equitable reason for so doing was shown, the act of 1899 was, in our opinion, designed to make the remedy by injunction available to prevent the operation of what is commonly known as blind tigers, without regard to whether other remedies provided by the law for the abatement of such a nuisance might be adequate and complete or not.    The title of the act just referred to is in the following words: " An act to declare as a nuisance any place where spirituous, malt, or intoxicating liquors are sold in violation of law, to provide for abating or enjoining such nuisance, and for other purposes."    The first section of the act is as follows:    " Be it enacted by the General Assembly of Georgia, that from and after the passage of this act, any place commonly

known as a ' blind tiger,' where spirituous, malt, or intoxicating liquors are sold, in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law, on the application of any citizen or citizens of the county where the same·may be located." ·A " blind tiger," using that term to describe a place where liquors are sold on the sly in violation of law, that is, giving to the term the meaning applied to it in the opinion of the majority of this court in the case of *Cannon* v. *Merry,* supra, is a public nuisance independently of any provision in the act under consideration, and before the passage of this act a court of equity would have had jurisdiction to abate such a nuisance when a proper case was made for the grant of an injunction. The so-called " blind tiger law," if construed in the way contended for in this case by the defendant in error, would be simply a declaratory statute and work no change whatever in the existing law. We do not think it made any change in regard to the status of the blind tiger, and to this extent the law is declaratory. If that part of the act which refers to the manner in which such nuisance shall be abated is also declaratory of existing law, nothing has been accomplished by the passage of the act. The General Assembly may, and often does, pass statutes which are merely declaratory in their nature and work no change in the existing law, but simply call attention to what is the law of the land. A statute dealing with the subject of remedy which is equivocal and capable of being construed as affording an efficient remedy for an existing undoubted evil, and also capable of being construed as declaring that such evil shall be remedied by existing methods only, should always be construed as one providing a new remedy for the evil referred to rather than as a mere legislative declaration that existing remedies should be put into operation.

The title of the act indicates that the legislative purpose was not limited to a declaration that a blind tiger should be treated as a nuisance, but indicates a legislative intent to provide a method for abating such a nuisance. The legislature not only intended that places of the character referred to in the act should be nuisances, but also to provide that a court of equity might take jurisdiction of an application to abate the same under the operation of the writ of injunction. The purpose of the act was to give to any citizen of the county the right to appeal to a court of equity to abate such

a nuisance by injunction. The remedy thus provided in the act was not to prevent proceedings under any existing law of the State against one who maintains such a nuisance; but the remedy provided in the act is cumulative of other remedies, and can be made available whether proceedings under other laws have been begun or not, and without regard to whether they would constitute an adequate and complete remedy. It is contended that under the terms of the act the nuisance is to be "abated or enjoined as such, as now provided by law"; and that the words, "as now provided by law," properly construed, mean that a nuisance may be abated under existing remedies provided in the code, or in the charter of a city, if the blind tiger is located in a city, or by a court of equity under existing rules, which provide that a court of equity will not enjoin a nuisance when there is an adequate remedy at law. We do not think the words "as now provided by law" should be given the meaning contended for. The purpose of the act was to provide that a nuisance may be abated by injunction, *to be issued in the manner provided by law*, that is, upon application to the judge of the superior court, upon a sworn petition and after a hearing, the judge having a right to grant a temporary restraining order until the interlocutory hearing, and a temporary injunction until the final hearing, and a permanent injunction after a hearing before a jury under existing rules. When the act is so construed, it is in effect a declaration by the legislature that a blind tiger is a public nuisance, and may be abated by injunction issued upon the application of any citizen of the county, without regard to whether there are other remedies which might or might not bring about this result. A place where intoxicating liquors are sold in violation of law is a menace to the peace, good order, and happiness of any community, and legislation declaring such a place to be a public nuisance is wise and salutary. The purpose of the act under consideration was to give a remedy for the abatement of this nuisance, which would be speedy and effectual. The legislation, being remedial in its character, should receive a liberal construction, and the wise and beneficent purposes intended to be accomplished by the law should not be allowed to fail of accomplishment by giving to the act too strict a construction. The illegal sale of liquor has become a great evil in this State; not only in those localities where the sale is altogether prohibited, but also where the sale is

permitted under given restrictions. Prosecutions in the criminal courts have not in all instances been so effective as to deter the unscrupulous and lawless from engaging in the illegal traffic. The law-abiding have a right, not only to demand that existing laws be enforced, but also to call upon the lawmaking department to change the law as to remedies, so as to provide an effective remedy. It was a recognition of this fact that prompted the legislature to pass the act now under consideration. The existence of the evil will not be questioned. Let the remedy provided be given a thorough and impartial test, and it may be that it will accomplish the results desired by those who framed it. The writ of injunction has arrested many things, and it may be that in this writ the legislature has found an effective way to arrest the illegal traffic in liquor in this State. A law having for its purpose the suppression of an acknowledged existing evil, which is destructive of the public peace and order as well as the welfare and happiness of individuals, should not, of all laws, be frittered away by construction.

Upon the uncontradicted evidence introduced in behalf of the plaintiffs it appeared that a blind tiger was being operated on the premises of the defendant with his knowledge and consent, and the court should have granted an injunction until there could be a final hearing on the petition.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*