## THORNTON v. SKELTON, solicitor-general, et al.

The sheriff, his deputy, and a policeman, prior to the institution of this action for injunction, found a barrel of whisky buried in the ground in the defendant's stable, and two other barrels buried in the ground on or near the defendant's premises. The statute (Acts Ex. Sess. 1915, p. 88, sec. 20) made it the duty of the officers who found the prohibited liquor to seize the same that it might be forfeited to the State and condemned to be destroyed as the statute provides. It must be presumed that the officers discharged such duty; and if so, the nuisance, if such, under the prohibition law, was effectually abated; and it was error, under the facts of this case, to grant an interlocutory injunction against the defendant, enjoining him from thenceforth receiving intoxicating liquors and from having such liquors in his possession, custody, and control until the further order of the court, there being no evidence that he intended in the future to receive and have such liquors in his possession, custody, or control.

No. 1056. MAY 14, 1919.

Injunction. Before Judge Hodges. Elbert superior court. June 1, 1918.

On May 16, 1918, A. S. Skelton, solicitor-general of the Northern Circuit, and Raymonde Stapleton as solicitor of the city court of Elberton and as a citizen of the county of Elbert, instituted an action against Ben. E. Thornton, a resident of that county, the allegations of the petition being, in effect, as follows: On March 30, 1918, the officers of the county "located in the ground, and in the horse-stable of the said Thornton, a barrel containing about thirty gallons of whisky. . . Thornton admitted to the officers of the county, viz., the sheriff, deputy sheriff, and policeman of the City of Elberton, that said whisky was in his possession, custody, and control, and that it was his whisky. On the same date said officers located a small quantity of whisky on the person of said Thornton." On April 29, 1918, said officers again visited the premises of the defendant, "and located on land near his house a certain barrel buried in the ground in the same manner as the aforementioned, and being about a fifty-gallon barrel. That the said officers found another barrel near the same place, buried in the ground and containing about thirty gallons of whisky. That said officers found tracks leading back to the property of said Thornton from the last barrel so found, and found under a house located on land owned by said Thornton a pick and shovel which gave evidence of having been used in burying said barrels. That all of said acts of Ben. E. Thornton in bringing the whisky to

his premises for storage, the storing of the whisky for unlawful purposes, the keeping of said whisky in his possession, custody, and control, are all violations of the temperance laws of said State, and a public nuisance in the community; . . that there is no adequate remedy at law to prohibit the continuation of these violations of law by the said Thornton, as he is out on bond returnable to the city court of Elberton, and there is no adequate remedy of law to prevent said repeated violations during the vacation of said city court, and vacation of this court; that plaintiffs and the citizens of said county are without an adequate remedy at law to prevent the repetition of the offences enumerated above." The prayers were that the defendant be enjoined from: "1. The making, transporting, or receiving of whisky and intoxicating liquors, as prohibited by law. 2. The having in possession, custody, and control of all spirituous, malt, and intoxicating liquors. 3. The selling and keeping for sale of intoxicating liquors. 4. The keeping of a place for storing intoxicating liquors." The petition was verified by the oath of Raymonde Stapleton. The defendant demurred generally and specially. On the preliminary hearing the petition and the demurrers were considered, as well as the affidavit of the policeman of the City of Elberton, which set forth in substance the allegations of fact contained in the petition, and further that he and the other officers named located on the premises of the defendant "certain tanks which showed that they had been used in hauling intoxicating liquors." An interlocutory injunction was granted, restraining the defendant, and any one acting with or for him, from thenceforth receiving intoxicating liquors, and from having in possession, custody, and control such liquors until the further order of the court. The defendant excepted to this order.

*James T. Sisk,* for plaintiff in error.

*Raymonde Stapleton* and *George C. Grogan,* contra.

FISH, C. J. (After stating the foregoing facts). Of course the purpose of the action was not to enjoin acts completed prior to its commencement, that is, the having by the defendant in his possession, custody, or control the barrels of prohibited liquor found concealed on his premises in March and April, before the action was brought in May. But the object sought was to enjoin the repetition of the illegal acts already committed. There was no

allegation in the petition, and no proof at the hearing, of an intention or threat of the defendant to again violate the prohibition law, as it was charged he had done prior to the institution of the suit; nor were there any circumstances set forth in the petition, nor shown by other evidence submitted, tending to show that it was the purpose of the defendant to repeat the acts which he was charged with having committed in March and April. "The appropriate function of the writ of injunction is to afford preventive relief only, and not to correct injuries which have already been committed, or to restore parties to rights of which they have already been deprived. It is not, therefore, an appropriate remedy to procure relief for past injuries, and it is only to be used for the prevention of a future injury actually threatened, and to prevent the perpetration of a legal wrong for which no adequate remedy can be had in damages." 1 High on Injunctions, § 23. "It is not sufficient ground for an injunction that the injurious acts may possibly be committed, or that injury may possibly result from the acts sought to be prevented. There must be at least a reasonable probability that the injury will be done if no injunction is granted, and not a mere fear or apprehension." 22 Cyc. 758 (b), 759 (2). In *Wheeler* v. *Steele,* 50 *Ga.* 34, it was held that where there was no charge in the bill, and no proof at the hearing, of an intention or threat of the defendant to increase the height of the mill-dam in question, an injunction should not be granted restraining the defendant from increasing the height of the dam.

The sheriff, his deputy, and a policeman found a barrel of whisky buried in the ground in the defendant's stable, and two other barrels buried in the ground on or near the defendant's premises. The statute (Acts Ex. Sess. 1915, p. 88, sec. 20) made it the duty of the officers who found the prohibited liquor to seize the same that it might be forfeited to the State and condemned to be destroyed as the statute provides. It must be presumed that the officers discharged such duty; and if so, the nuisance, if such under the prohibition law, was effectually abated; and it was error, under the facts of this case, to grant an interlocutory injunction against the defendant, enjoining him from thenceforth, until the further order of the court, receiving intoxicating liquors and from having such liquors in his possession, custody, or control,

there being no evidence that defendant intended in the future to receive, or to have possession, custody, or control of such liquors.

*Judgment reversed. All the Justices concur.*