AVERA *et al. v.* CLYATT *et al.,* commissioners.

Under the pleadings and the evidence the judge did not err in refusing an interlocutory injunction.

No. 2635. NOVEMBER 17, 1921.

Petition for injunction. Before Judge Dickerson. Berrien superior court. March 30, 1921.

*John P. & Dewey Knight,* for plaintiffs.

*W. D. Buie, R. A. Denny, attorney-general,* and *Graham Wright, asst. atty.-gen.,* contra.

GEORGE, J. On March 16, 1921, B. F. Avera and others, citizens and taxpayers of Berrien County, filed a petition in equity against the members of the board of commissioners of roads and revenues of the County of Berrien, alleging, that the defendants were proceeding to expend public funds of the county, raised by taxation, for the purposes provided by law, in putting into effect in the County of Berrien the law embodied in an act approved August 16, 1909 (Acts 1909, p. 131), known as "An act to protect the live stock of Georgia from contagious or infectious diseases," and the amendatory act of 1918 (Acts 1918, p. 256), making it mandatory upon the county authorities to institute and carry on cattle-dipping in the counties of this State; that the defendants have expended and propose to expend large sums of money in constructing vats, employing inspectors, and in putting into operation other means of carrying into effect the provisions of the acts referred to; that the expenditures contemplated are without authority in law, and that so much of the act of August 16, 1909, as attempts to authorize the application of public funds to the purposes stated is unconstitutional and void, in that it allows the application of public funds raised by taxation to a purpose not within the purview of that portion of the constitution contained in article 7, section 6, paragraph 2, of the constitution enumerating the purposes for which taxation by a county may be authorized. Incidentally the plaintiffs alleged that the defend-

ants had employed a farm demonstrator for Berrien County, and proposed to pay the salary of such demonstrator out of the public funds of the county. The plaintiffs prayed that the defendants be enjoined from applying the public funds of the county to the work of tick eradication in the county, especially funds raised during the previous years for specific county purposes and not used for such purposes; and that the defendants be also enjoined from paying out of the county funds the salary of the farm demonstrator.

In the answer to the petition, filed by the defendants, it was admitted that the commissioners were expending the money of the county in the work of tick eradication; and upon this phase of the case in the pleadings and in the evidence submitted at the interlocutory hearing there is no issue of fact. It was averred, however, that the work of tick eradication had been begun by the commissioners of roads and revenues in office in the year 1920, and that the defendants were merely carrying on the work begun by their predecessors in office. The employment by the defendants of a farm demonstrator was denied. It was admitted that one month's salary of the farm demonstrator employed by the defendants' predecessors in office had been paid by the defendants after they assumed control of the county's affairs, but that the payment had been made before the filing of the petition. The defendants averred that they did not intend to employ a farm demonstrator for the year 1921. The evidence submitted at the interlocutory hearing disclosed that the defendants had not employed a farm demonstrator for the year 1921, and did not intend to employ such agent. No evidence to the contrary was submitted on behalf of the plaintiffs. Upon the interlocutory hearing the court refused the injunction, and the plaintiffs excepted.

The court found that the defendants had not employed a farm demonstrator for the year 1921, and did not intend to employ such demonstrator. He further found that the defendants had paid one month's salary to the county demonstrator employed by the defendants' predecessors in office for the year 1920, but that this month's salary had been paid before the petition for injunction was filed, as alleged by the defendants. Upon this phase of the case the court denied the injunction, for the specific reasons stated. The judgment refusing the injunction is clearly in ac-

cord with the decisions of this court. See *Thornton* v. *Skelton,* 149 *Ga.* 93 (99 S. E. 299).

While it is true that public funds of the county raised by taxation for specific purposes can not be used for other purposes, in *Butts County* v. *Jackson Banking Co.,* 136 *Ga.* 719 (4), 720 (71 S. E. 1065), it was ruled: "When, out of a fund raised by taxation for a specific purpose, all demands and indebtedness properly chargeable against that particular fund have been paid, or deducted, and there remains a surplus from such fund in the hands of the treasurer, the same then becomes a general fund, which may be lawfully applied to the payment of balances due on warrants drawn against other specific funds not sufficient for their payment, or to any other legitimate liability against the county;" citing *Tate* v. *City of Elberton,* 136 *Ga.* 301 (71 S. E. 420); Field *v.* Stroube, 103 Ky. 114, 19 Ky. L. R. 1751 (44 S. W. 363); 11 Cyc. 510.

In *Townsend* v. *Smith,* 144 *Ga.* 792 (87 S. E. 1039), this court had under consideration the identical constitutional objection raised in the present case. It was there held: "The provision of the constitution of Georgia inhibiting the delegation by the legislature to any county of the right to levy a tax for any purpose except for those specified in art. 7, sec. 6, par. 2, among which purposes is that of providing for sanitation, is not offended by an act authorizing the appropriation of funds for carrying on and aiding in the work of the eradication of cattle-ticks and the suppression of contagious and infectious diseases of live stock. The expression, 'provide for necessary sanitation,' is sufficiently comprehensive to authorize the raising and the expenditure of money for the purposes within the purview of the statute referred to." Also: "The words, 'to pay the county police, and to provide for necessary sanitation,' were not stricken from art. 7, sec. 6, par. 2, of the constitution (Civil Code, § 6562) by the amendment proposed by the act of August 4, 1910 (Acts 1910, p. 45). The only change made in this paragraph of the constitution was the elimination of the words, 'in instructing children in the elementary branches of an English education only.'" It follows therefore that the judge did not err in refusing the injunction.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*