## BRACEWELL *v.* COOK, solicitor-general.

BELL, Justice. 1. The petition stated a cause of action to enjoin a common or public nuisance, as defined in the Code, §§ 58-109, 58-110, and was not subject to demurrer for any reason urged.

2. The fact that a petition for injunction is not verified as required by the Code, § 81-110, does not as a matter of law demand its dismissal, but the petition may be retained in court and an injunction granted thereon, where "other satisfactory proofs" are submitted. *Lee* v. *Clark*, 49 *Ga.* 82 (2); *Boykin* v. *Epstein*, 87 *Ga.* 25 (13 S. E. 15); *Martin* v. *Burgwyn*, 88 *Ga.* 78 (13 S. E. 958). The statement to the contrary in *McLauchlin* v. *McLauchlin*, 128 *Ga.* 653 (58 S. E. 156), was obiter, and is not controlling.

3. The evidence showing the maintenance of a place of business, as alleged, existence therein of a counter and drinking glasses, possession of several gallons of whisky under the counter, and sales therefrom by the drink, the evidence including also a certified copy of an "internal revenue special tax receipt," the judge was authorized to grant an interlocutory injunction restraining the defendant "from possessing, storing, keeping, or selling any intoxicating liquors in said premises as described in the within petition." Code, § 58-113. The circumstances enumerated

were sufficient to show intention as to future conduct, consistently with the ruling in *Thornton* v. *Skelton*, 149 *Ga.* 93 (99 S. E. 299), in which a similar judgment was reversed, but in which case no such circumstances appeared. *Judgment affirmed. All the Justices concur.*

No. 13827. SEPTEMBER 10, 1941.

*R. I. Stephens,* for plaintiff in error.

*J. Eugene Cook, solicitor-general,* and *Emory S. Baldwin Jr.,* contra.