KILGORE *v.* PASCHALL, Solicitor-General, *et al.*

No. 15865.  JULY 10, 1947.

*J. L. Davis,* for plaintiff in error.

*J. H. Paschall, Solicitor-General,* and *C. C. Pittman,* contra.

HEAD, Justice. (After stating the foregoing facts.) Under the act of 1899 (Ga. L. 1899, p. 73; Code, § 58-110), declaring a "blind tiger" a nuisance. the solicitor-general of the circuit in which such "blind tiger" is located may bring an equitable petition to abate the nuisance by injunction. *Legg* v. *Anderson,* 116 *Ga.* 405 (42 S. E. 720). The act of 1915 (Ga. L. Ex. Sess., p. 83; Code, § 58-109), is broader in remedial provisions than the act of 1899 (Code, § 58-110). *Pullen* v. *Meadors,* 196 *Ga.* 801 (27 S. E. 2d, 655). In either instance the petition must proceed for the public on information filed by the solicitor-general of the circuit.

Code, § 72-202. The "blind-tiger" statute (§ 58-110) provides that the nuisance may be abated or enjoined "as now provided by law." In *Legg* v. *Anderson,* supra, the words "as now provided by law" were construed to mean: "upon application to the judge of the superior court, upon a sworn petition and after a hearing." This construction of the words "as now provided by law" from the *Legg* case was quoted and approved by this court in *Davis* v. *State,* 199 *Ga.* 843 (35 S. E. 2d, 458).

The act of 1915 (Code, Ch. 58-1), with reference to the abatement of nuisances enumerated therein, provides: "All rules of evidence and the practice and procedure that pertain to proceedings in equity generally in this State may be invoked and applied to any injunction proceeding hereunder." Code, § 58-104. "The true rule for the construction of the word *may* in a statute is, that when such statute concerns the public interest, or affects the rights of third persons, then, the word *may,* shall be construed to mean *must* or *shall.*" *Birdsong* v. *Brooks,* 7 *Ga.* 89; *Weems* v. *Farrell,* 33 *Ga.* 419; *Jennings* v. *Suggs,* 180 *Ga.* 141 (178 S. E. 282). "Petitions for restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." Code, § 81-110.

In *Jones* v. *Macon & Brunswick R. Co.,* 39 *Ga.* 138, it was held: "An injunction which is a harsh remedy should not be granted until a clear *prima facie* case is made by the bill. The allegations must be direct and positive. A charge that they are true 'on information received from others,' is insufficient." In discussing the act of 1887 (Ga. L. 1886-7, p. 65, Code, § 81-110), this court in *Boykin* v. *Epstein,* 87 *Ga.* 27 (13 S. E. 15), said in part: "Its evident purpose was that nothing putting in motion the extraordinary powers of the court should be done by the judge until the application for the exercise of such powers has been vouched for by some kind of proof or verification. A rule nisi on such a petition is as much a part of the 'equitable relief or remedy' sought as a restraining order or one appointing a receiver." In *Byrd* v. *Prudential Ins. Co.,* 182 *Ga.* 800 (187 S. E. 1), it was held that verification of a petition by a person, to the effect "that the allegations contained therein are true and correct, to the best of

his information and belief" was not a "positive verification as contemplated by the above section of the Code [§ 81-110]." See also *Grizzel* v. *Grizzel,* 188 *Ga.* 422 (3 S. E. 2d, 649).

In the present case, the petition was not verified in any form by either the solicitor-general or any person on whose information the petition was filed. There is nothing in the record before this court to indicate that the petition was "supported by other satisfactory proofs" in lieu of the verification required. While the Code, § 81-110, states that it shall be verified by the petitioner, it has been held that, where an attorney swears positively to the effect that the recitals of fact in the petition are true, this is a sufficient verification. See *Boston Mercantile Co.* v. *Ould-Carter Co.,* 123 *Ga.* 458 (51 S. E. 466). Thus a petition positively verified by the attorney would be "supported by other satisfactory proofs."

Nothing held by this court in *Bracewell* v. *Cook,* 192 *Ga.* 678 (16 S. E. 2d, 432), is in conflict with the rulings here stated. In the *Bracewell* case the petition for injunction was verified by Cook, who "on oath says that the facts set out in the foregoing petition, *to the best of his knowledge and belief* are true and correct;" and the court simply held that such defective verification did "not as a matter of law demand its dismissal," but that the petition might be retained in court and an injunction granted where "other satisfactory proofs" are submitted. To the same effect are *Lee* v. *Clark,* 49 *Ga.* 82 (2); *Boykin* v. *Epstein,* supra; and *Martin* v. *Burgwyn,* 88 *Ga.* 78 (13 S. E. 958), cited in the *Bracewell* case. In *Bailey* v. *Bailey,* 90 *Ga.* 435 (16 S. E. 90), and in *Sasser* v. *Olliff,* 91 *Ga.* 84 (16 S. E. 312), it was held not to be error to deny an injunction where the verification did not conform to the statute; and in *New South Building & Loan Assn.* v. *Willingham,* 93 *Ga.* 218 (18 S. E. 435), this court reversed a judgment granting an injunction where the verification of the petition was not positive as required by the statute, and "other satisfactory proofs" were not offered.

Other authorities might be cited to the effect that where the verification of a petition for injunction is not in positive terms, but only to the best of the applicant's knowledge, information, or belief, the trial judge may exercise a discretion and permit the petition to be supported by "other satisfactory proofs." Such cases, however, are not in point where there is no attempt by the petitioners to verify the petition, and the record is silent as to any

"other satisfactory proofs," as is true in this case. The demurrer of the defendant, which specifically pointed out the lack of any verification of the petition, should have been sustained, and the subsequent proceedings were rendered nugatory by such error.

*Judgment reversed. All the Justices concur.*