*Gibson & DeLoache, Robert R. Forrester,* contra.

18277.   WRIGHT *et al. v.* WHEATLEY *et al.*

HAWKINS, Justice.   1. It appearing from the verified affidavit of counsel for the plaintiffs in error, timely made and attached to the bill of exceptions, that a copy of the bill of exceptions, the exhibits attached thereto,

36 

and the certificate of the trial judge thereon, was served personally upon the defendant in error residing in Turner County, and upon counsel for the defendants in error residing in Lowndes County and Sumter County, Georgia, and from the acknowledgment by such counsel of receipt of such copy within the time required by Code § 6-911, and it further appearing from the certificate of the clerk of the trial court that notice was given to the defendants in error who are nonresidents of the State of Georgia, and not represented by counsel, in accordance with the provisions of Code §§ 6-914 and 6-915—the motion to dismiss the bill of exceptions on the ground that it affirmatively appears therefrom that the defendants in error were not served as required by law is without merit. *Goodwin* v. *Kennedy*, 99 *Ga.* 123 (24 S. E. 975); *Lyons* v. *Winter*, 129 *Ga.* 416 (3) (59 S. E. 270); *Jordan* v. *Harber*, 172 *Ga.* 139 (3) (157 S. E. 652); *Bodenheimer* v. *Fulton National Bank of Atlanta*, 205 *Ga.* 829 (55 S. E. 2d 357).

2. Code § 81-110 requires that "Petitions for a restraining order, injunction, receiver, or other extraordinary equitable relief shall be verified positively by the petitioner or supported by other satisfactory proofs." While this court has held that the defective verification of such petition by the plaintiff would "not as a matter of law demand its dismissal," but that the petition might be retained in court and an injunction granted where "other satisfactory proofs are submitted," (*Bracewell* v. *Cook*, 192 *Ga.* 678, 16 S. E. 2d 432), and that a petition positively verified by the attorney for the plaintiffs would be "supported by other satisfactory proofs" (*Boston Mercantile Co.* v. *Ould-Carter Co.*, 123 *Ga.* 458, 51 S. E. 466; *Kilgore* v. *Paschall*, 202 *Ga.* 416, 419, 43 S. E. 2d 520)— where, as in this case, the petition for injunction, receiver, and other equitable relief contains many allegations upon "information and belief," and is not positively verified by any of the petitioners, but the attorney for the petitioners undertakes to verify it by an affidavit that "You . . . do swear . . . that the facts alleged in said petition are true, according to your investigation, knowledge, information and belief," but fails to disclose which of the essential facts of the petition were and which were not within his knowledge, and which of the allegations are based only upon his information, or belief, or ivestigation, such affidavit fails to verify positively the essential facts alleged in the petition (*Grizzel* v. *Grizzel*, 188 *Ga.* 418 (2), 422, 3 S. E. 2d 649, and cases there cited), and the demurrer of the defendant, specifically pointing out the lack of proper verification of the petition, was properly sustained and the petition dismissed. *Kilgore* v. *Paschall*, 202 *Ga.* 416 (supra).

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*

ARGUED JULY 13, 1953—DECIDED SEPTEMBER 14, 1953.

*Benjamin Zeesman*, for plaintiffs in error.

*Robert R. Forrester, R. D. Smith, H. B. Williams, J. Frank Meyers*, contra.