S08A0927. AGRI-CYCLE LLC et al. v. COUCH.

(663 SE2d 175)

THOMPSON, Justice.

On October 15, 2004, appellee Carol Couch, Director of the Environmental Protection Division of the Georgia Department of Natural Resources ("EPD"), issued a permit to Agri-Cycle for the operation of a wastewater treatment plant under the Georgia Water Quality Control Act ("the Act"), OCGA § 12-5-20 et seq. The permit set forth specific conditions for treatment of the waste. During subsequent inspections of the facility, EPD documented numerous alleged violations of the permit and the Act. On August 21, 2007, the director issued an administrative order directing Agri-Cycle to cease accepting waste for treatment and to submit a closure plan for the Agri-Cycle facility within 30 days. Agri-Cycle filed an administrative appeal of that order.

On September 5, 2007, during the pendency of that appeal, Agri-Cycle's polishing pond caught fire. Two days later, the director filed an action in the Superior Court of Jackson County seeking to enjoin Agri-Cycle from receiving waste for processing until a ruling was received in the administrative appeal, or until Agri-Cycle was able to demonstrate compliance with its permit and the law. After a hearing on September 7, 2007, at which counsel for both parties participated,[1] the trial court issued a temporary restraining order ("TRO").

Agri-Cycle moved for modification or clarification of the TRO which resulted in an amended TRO by consent of the parties. The amended TRO allowed Agri-Cycle to operate in the manner in which it had previously, but prohibited it from accepting new waste for processing.

Following an evidentiary hearing on the interlocutory injunction, the court found by a preponderance of the evidence that

---

[1] Although no transcript of the TRO hearing is contained in the record on appeal, Agri-Cycle does not dispute that it was represented by counsel at that hearing.

"Agri-Cycle has violated its permit and the . . . Act by modifying its treatment processes without obtaining a permit to do so, by expanding its capacity to treat waste without EPD approval, and by hydraulically overloading its spray fields." The court issued an interlocutory injunction limiting Agri-Cycle's operation in the manner set forth in the consent TRO until the administrative appeal is concluded, or until Agri-Cycle can demonstrate to the director that it can operate in accordance with the law. Agri-Cycle appeals from that order.

1. Agri-Cycle contends that the superior court did not have the authority to issue the injunction because venue was improper.

Venue in equity cases lies "in the county where a defendant resides against whom substantial relief is prayed." Ga. Const. of 1983, Art. VI, Sec. II, Par. III. For the purpose of venue, domestic corporations reside "in the county of this state where the corporation maintains its registered office." OCGA § 14-2-510 (b) (1). Agri-Cycle asserts that the injunctive action was improperly filed in the Superior Court of Jackson County (the location of the facility), because Agri-Cycle maintains its registered office in Upson County.

It is required under the Civil Practice Act that a venue defense "be asserted in the responsive pleading thereto, if one is required . . . [or] by motion in writing." OCGA § 9-11-12 (b). Want of venue, however, may be waived expressly by failing to raise it in an answer or by written motion, or impliedly by failing to elicit a ruling from the trial court on the question of venue prior to the entry of judgment or the commencement of trial. *Williams v. Willis*, 204 Ga. App. 328, 329 (419 SE2d 139) (1992). A defense based on improper venue must be brought to the attention of the trial court "at the earliest opportunity to plead." *Maalouf v. Knight*, 237 Ga. App. 509, 511 (2) (515 SE2d 650) (1999). That is because "a litigant who has been served in a case and has knowledge of all the facts [may not] sit idly by while a trial verdict . . . [is] entered against him and then set the whole procedure aside on a venue defense which should have been raised prior thereto." *Allen v. Alston*, 141 Ga. App. 572, 574 (2) (234 SE2d 152) (1977).

Agri-Cycle appeared before the court twice without making an objection to venue: first at the TRO hearing and again at the evidentiary hearing on the interlocutory injunction. In between it filed numerous motions and entered into a consent order modifying the TRO. Venue was first asserted as a defense seven days *after* the court issued its final ruling on the interlocutory injunction.

Clearly, " '[a] party may waive the defense of improper venue by his conduct during the course of litigation or by failing to elicit a ruling on the venue issue before entry of judgment.' " *AKA Mgmt. v. Branch Banking &c. Co.*, 275 Ga. App. 615, 618 (1) (b) (621 SE2d

576) (2005). See also *Colony Bank Worth v. Caterpillar Fin. Svcs. Corp.*, 281 Ga. App. 397, 400 (636 SE2d 119) (2006); *Euler-Siac S.P.A. v. Drama Marble Co.*, 274 Ga. App. 252, 255 (1) (617 SE2d 203) (2005) (a litigant cannot allow a case to be tried on the merits before coming in with a technical defense but must bring the defense of lack of venue to the attention of the court at a proper time). Because a ruling on the venue issue was not elicited before the entry of judgment, the defense was waived.

2. There is no merit to the assertion that the complaint should have been dismissed because the verification was insufficient under OCGA § 9-10-110 (petitions for extraordinary equitable relief shall be "verified positively by the petitioner or supported by other satisfactory proofs"). "[F]ailure to verify a petition is an amendable defect . . . [which is] waived by the defendant's failure to object thereto in the trial court." *Harvard v. Walton*, 243 Ga. 860, 861 (1) (257 SE2d 280) (1979). Agri-Cycle waived the issue of insufficient verification by failing to raise it in the trial court.

Even absent a waiver, the issue is wholly without merit. A sworn verification by Director Couch was filed with the complaint, although not phrased in positive language. Under those circumstances, dismissal of the complaint is not demanded "but the petition may be retained in court and an injunction granted thereon, where 'other satisfactory proofs' are submitted." *Bracewell v. Cook*, 192 Ga. 678 (2) (16 SE2d 432) (1941). See also *Kilgore v. Paschall*, 202 Ga. 416 (43 SE2d 520) (1947); *BEA Systems v. WebMethods*, 265 Ga. App. 503, 504 (595 SE2d 87) (2004). At the conclusion of a ten-hour hearing, the court granted the injunction after considering competent evidence that Agri-Cycle failed to comply with the requirements of the Act.

3. Agri-Cycle further submits that the interlocutory injunction impermissibly exceeds the scope of OCGA § 12-5-48 and thereby enjoins lawful activity. That Code section authorizes the EPD in its judgment to make application to the superior court for an order enjoining and restraining "any person [who] has engaged in or is to about to engage in any act or practice which constitutes or will constitute any violation of [the Act]." After an evidentiary hearing, the trial court found numerous ongoing violations of Agri-Cycle's permit and the Act, and the court concluded that such conduct constituted "a clear and present danger" to the citizens of the county and the state. As a result, Agri-Cycle was enjoined "from receiving waste for processing at its facility" until the administrative appeal is concluded or until Agri-Cycle can demonstrate that it can operate in accordance with the law. The granted relief enjoins and restrains the illegal practices and does not exceed the scope of OCGA § 12-5-48.

4. Agri-Cycle asserts that the trial court erred in denying a motion in limine to exclude all testimony from Dominic Weatherill, an environmental scientist employed by EPD, because of a violation of OCGA § 24-4-22 (where a party has evidence within his power or control to repel a claim but omits to produce it, a rebuttable presumption arises that the claim is well founded). In support of this claim, Agri-Cycle relies on a statement by the witness that EPD purges its email correspondence every 30 days, thereby "intentionally" destroying email correspondence between Agri-Cycle and EPD which was favorable to the company. Agri-Cycle, however, was equally in a position to produce the evidence since the alleged email exchange took place between it and EPD. Thus, there was no showing that Agri-Cycle " 'was prejudiced as a result of the [alleged] destruction of the evidence.' [Cit.]" *Johnson v. Riverdale Anesthesia Assoc.*, 249 Ga. App. 152, 154 (2) (547 SE2d 347) (2001), aff'd on other grounds in *Johnson v. Riverdale Anesthesia Assoc.*, 275 Ga. 240 (563 SE2d 431) (2002). We find no abuse of the trial court's discretion in refusing to exclude Weatherill's testimony in its entirety.

5. There is no merit to the alternative assertion that Weatherill's testimony should have been excluded because he failed to qualify as an expert under OCGA § 24-9-67.1. See also *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579 (113 SC 2786, 125 LE2d 469) (1993), and its progeny. Agri-Cycle objected to Weatherill's testimony on the ground that he was not qualified as an engineer. The court, however, qualified the witness and permitted him to testify "as an expert [in] biologic and anaerobic processes." In substance, the witness testified as to his observations at the Agri-Cycle facility, and certain operating documents and photographs were identified by him and introduced into evidence. "The issue of the admissibility or exclusion of expert testimony rests in the broad discretion of the court, and consequently, the trial court's ruling thereon cannot be reversed absent an abuse of discretion." *Cotten v. Phillips*, 280 Ga. App. 280, 283 (633 SE2d 655) (2006). "[U]nder *Daubert*, disputes as to an expert's credentials are properly explored through cross-examination at trial and go to the weight and credibility of the testimony, not its admissibility." Id. at 286. Accordingly, we find no abuse of discretion.

6. Agri-Cycle also asserts that during pretrial depositions, certain EPD employees improperly invoked the privilege granted by OCGA § 24-9-27 (c). That Code section provides: "[n]o party or witness shall be required to make discovery of the advice of his professional advisers or his consultation with them."

The record reveals that on the morning of the interlocutory hearing, Agri-Cycle filed a motion to compel the testimony of the EPD employees, and counsel attempted to argue the motion at the

inception of the hearing. The trial court, however, determined that it would not rule on the motion to compel prior to going forward with the hearing, and would consider only the evidence presented at the hearing in making a decision on the request for injunctive relief. Agri-Cycle acquiesced in proceeding with the hearing as outlined by the court, and in the reservation of a ruling on its motion to compel; the privilege issue did not arise again during the hearing. We further note that the pre-hearing depositions were not filed with the trial court until two months after the final judgment was rendered. See generally *Parker v. Silviano*, 284 Ga. App. 278 (2) (643 SE2d 819) (2007) (references to deposition testimony cannot be considered where the depositions were not filed prior to the time judgment was entered). Under the circumstances, there is nothing for this Court to decide on appeal. See id.; *Smith v. State*, 273 Ga. App. 107 (3) (614 SE2d 219) (2005).

7. Under OCGA § 12-5-48, an injunction *"shall be granted* without the necessity of showing a lack of adequate remedy at law" upon a showing by the EPD that a facility has engaged in or is about to engage in any act or practice that violates the Act. (Emphasis supplied.) As shown previously, there was adequate proof that Agri-Cycle violated the Act. Thus, the trial court did not err in granting an injunction.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2008.

*Balch & Bingham, Michael J. Bowers, Scott E. Hitch, Nelson, Mullins, Riley & Scarborough, Barbara H. Gallo, John R. Myer, Larry C. Oldham,* for appellants.

*Thurbert E. Baker, Attorney General, John E. Hennelly, Assistant Attorney General,* for appellee.