## DISPENSARY COMMISSIONERS OF LEE COUNTY *v.* HOOPER, solicitor-general.

1. Even if the act of August 1, 1906 (Acts of 1906, p. 114), to provide for local-option elections in counties in this State in which the sale of whisky is not legal except through dispensaries, is a general law within the meaning of the constitutional provision declaring that no special law shall be enacted in any case for which provision has been made by an existing general law, a special act, applicable to a county in which more than one dispensary is in operation by virtue of a local act, which has the effect to abolish only one of such dispensaries, leaving the others in operation, does not deal with a case within the provisions of the act mentioned above, which provides for the abolition of all dispensaries and the absolute prohibition of the sale of liquor in the county.
2. When a dispensary for the sale of liquor has been abolished by a valid act of the General Assembly, and the individuals who, under the act providing for its establishment, have been the dispensary commissioners, continue the sale of liquor, such sale is illegal. At such time the right of such persons to sell liquor is not even colorable.
3. The illegal sale of intoxicating liquors is a public nuisance, affecting the whole community in which the sale is carried on, and may be abated by process issued in the name of the State.

Argued February 5,—Decided April 11, 1907.

Injunction. Before Judge Littlejohn. Lee superior court. January 10, 1906.

*E. A. Hawkins* and *James Taylor,* for plaintiffs in error.

*F. A. Hooper, solicitor-general, G. W. Warwick,* and *Shipp & Sheppard,* contra.

COBB, P. J. By an act approved December 15, 1902 (Acts of 1902, p. 222), the county commissioners of Lee county were constituted a board for the establishment, management, and control of dispensaries in the county. The act provided that such board might establish a dispensary for the sale of liquors in any of the incorporated towns of the county whenever the municipal authorities should, by proper ordinance, determine that it was desirable to have a dispensary in the town. One half of the profits of each dispensary was to be paid into the county treasury, and the other half into the treasury of the town in which the dispensary was located. A dispensary was established in the city of Smithville, one of the incorporated municipalities of the county. On August 1, 1906, an act was approved providing for local option elections in counties in which the sale of whisky is not lawful except through

dispensaries. Acts of 1906, p. 114. This act provides that upon petition, signed by one third of the voters qualified to vote for members of the General Assembly, the ordinary shall order an election at a stated time "to determine whether or not the sale of intoxicating liquors shall be absolutely prohibited in such county or not." The provisions of the general local-option law, as to the mode and manner of the elections, were declared to be applicable to such elections, unless such provisions were clearly inapplicable. The act provided, if the result of the election should be against the dispensary, that after the expiration of four years, upon a petition of the character above referred to, a new election should be called, and, if the result of such an election was for the dispensary, "then the laws regulating the sale of intoxicating liquors in dispensary in said counties, which were in existence at the date when their operation was suspended by virtue of the voters of said county having voted 'Against the dispensary' shall be restored to force and effect." It was also provided that no local-option elections under the general local-option liquor law "shall be called in any county after the same has voted 'Against the dispensaries,' and so long as the provisions of this act are of force in such county." On August 18, 1906, the act approved December 15, 1902, providing for the establishment of dispensaries in Lee county, was repealed so far as it related to the city of Smithville; the act to take effect on January 1, 1907. The repealing act provided that after the date mentioned the city of Smithville shall have no part or claim in any profits arising out of any dispensary in the county. Acts of 1906, p. 438. On January 1, 1907, the county commissioners, claiming to act in their capacity as dispensary commissioners, continued to maintain the dispensary in the city of Smithville, and the solicitor-general, on the relation of certain citizens of that city, filed a petition against the commissioners in their individual capacity, to enjoin the continuance of the dispensary, on the ground that it was a public nuisance. The judge granted the injunction, and the defendants excepted.

1. The contention of counsel for plaintiffs in error is that the local act abolishing the dispensary at Smithville is void, for the reason that it is a special law passed in a case where provision has been already made by an existing general law. The general law which it is claimed makes provision for that which was sought to

be accomplished by the local law is the act above referred to, providing for elections to determine whether the sale of liquors in any county shall be prohibited or such sale shall be allowed in a dispensary. Counsel for defendant in error contended that the act just referred to was not a general law within the meaning of the constitution, for the reason that it applied only to a limited number of counties, that is, counties in which the sale of liquor was lawful only in dispensaries. In the view that we take of the case it is not necessary to determine the question as to whether the grouping of these counties for the purpose of legislation is so arbitrary as to prevent the law from being a general law within the meaning of the constitution. Even if it be such a general law, the local act abolishing the dispensary in the city of Smithville does not deal with a case within its provisions. The question to be submitted under the act is prohibition in the entire county, or the sale in dispensaries at one or more places. The act does not provide for a case where one or more dispensaries exist in a county and the desire is to abolish one and leave the others. Even if the act is to be treated as a general law within the meaning of the constitution, the local act abolishing the dispensary at Smithville, while a special law, does not deal with a case coming within any of the provisions of such law. Whether the act in question is a general law, within the meaning of the provision of the constitution above referred to, and, if so, whether the only dispensary, or all dispensaries in a county, can be abolished by a special act since its passage, are questions which are not necessary to be determined in this case.

2, 3. When the local act abolishing the dispensary in the city of Smithville went into effect, the sale of liquor in the dispensary at that place became unlawful. Those who had been commissioners of the dispensary while it existed had no right, or color of right, to continue the sale of liquor. The sale was illegal. Being illegal, it was a public nuisance; and a court of equity, at the instance of the State, in a proceeding filed by the solicitor-general, had jurisdiction to enjoin its further continuance. *Lofton* v. *Collins*, 117 *Ga.* 434.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*