5278.  TAYLOR *v.* THE STATE.

RUSSELL, C. J.  1. The fact that a club or other organization has paid the $500 tax prescribed by the tax law does not authorize it, or any member thereof, whether it be fraternal or social, to sell intoxicating liquor, regardless of whether the purchaser is or is not a member.  *Teutonia Club* v. *Howard,* 141 *Ga.* 79 (80 S. E. 290).  In the present case it is conceded that the defendant, in behalf of an association known as the "Seminole Club," and as its nominal secretary, obtained a United States tax-receipt, or license, authorizing that club to sell intoxicating liquors at retail; and hence the documentary evidence upon this point placed upon the defendant the burden of proving that he did not in any wise participate in any of the sales shown to have been made in the club, and the jury were authorized to find that he failed to carry this burden.

2. No errors of law are assigned. There was sufficient evidence to authorize the jury to infer that the accused, if not himself the actual seller of the intoxicating liquor, was actively interested in its sale; and since in misdemeanors all who participate in the criminal act are alike principals, the conviction of the accused was warranted by 'the evidence, and the discretion of the trial judge in refusing a new trial will not be disturbed.

*Judgment affirmed.*

DECIDED DECEMBER 9, 1913.

Accusation of sale of liquor; from city court of Macon—Judge Hodges. October 3, 1913.

*O. C. Hancock,* for plaintiff in error.
*John P. Ross, solicitor-general,* contra.