LOKEY *v.* DAVIS, solicitor-general.

No. 14177.  JUNE 18, 1942.

177

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

DUCKWORTH, Justice.  Any structure used for the unlawful manufacture, sale, keeping for sale, or other unlawful disposition of liquor, and all shops, houses, or places where liquors are sold or kept for sale are common nuisances and may be abated as such upon complaint of the solicitor-general of the circuit.  Code, § 58-109.  Any place commonly known as a "blind tiger," where intoxicating liquors are sold in violation of law, is a nuisance and may be abated or enjoined as such.  § 58-110.  The 1935 act entitled "Alcoholic Beverage Control Act" (Ga. L. 1935, p. 327) never became effective, due to the vote against repeal in the referendum provided for in section 36 thereof.  Consequently section 6 of that act, providing for the repeal of title 58 of the Code of 1933, never became law and the chapter of the Code was not repealed thereby.

In *Lofton* v. *Collins,* 117 *Ga.* 434 (3) (43 S. E. 708, 61 L. R. A. 150), it was said: "The illegal sale of intoxicating liquors is a public nuisance, affecting the whole community in which the sale is carried on, and may be abated by process instituted in the name of the State."  To the same effect, see *Dispensary Commissioners of Lee County* v. *Hooper,* 128 *Ga.* 99 (3) (56 S. E. 997).  It is not the act of possessing liquor or selling liquor that the above statutes declare to be common nuisances, but it is the structure maintained and used for the purpose of keeping or selling therein intoxicating liquors that is declared to be a common nuisance. While one isolated act of selling a pint of whisky in such structure, in the absence of any evidence or circumstances to indicate that the structure was being used for the purpose of carrying on such business, would in our judgment be insufficient to authorize the grant of an interlocutory injunction, yet where as in the present case there is positive testimony, which is not contradicted, that there was one actual sale of liquor within the premises described, and that upon another occasion an employee assigned as a reason why he would not sell liquor at that time the fact that he did not know the person seeking to buy, and that conditions prevailing at

the time made it dangerous, the judge was authorized to find from this evidence that the premises were being used continually for the purpose of keeping and selling whisky in violation of law. It is true that the defendant produced the testimony of a number of neighbors which establishes the fact that the business was conducted in an orderly and decent manner, and that these witnesses had no knowledge that liquor was being kept and sold there. This evidence, however, does not contradict the evidence produced by plaintiff, and it does not render the premises any less a nuisance. In *Gullatt* v. *State ex rel. Collins,* 169 *Ga.* 538 (4-*b*) (150 S. E. 825), it was said: "The conduct of this place in an orderly manner and the attendance of the best people in the community, including both males and females, does not render such place any the less a gaming-house or a gaming-place." The judge did not abuse his discretion in granting the order complained of.

*Judgment affirmed. All the Justices concur.*