PULLEN *et al. v.* MEADORS, solicitor-general.

No. 14662.   NOVEMBER 9, 1943.

*J. L. Smith,* for plaintiffs in error.

*L. L. Meadors, solicitor-general,* contra.

BELL, Chief Justice. It appears that the sale of intoxicating liquors is prohibited in Heard County. Under the Code the prohibited liquors would include " (1) Alcohol, alcoholic liquors, spirituous liquors, and all mixed liquors any part of which is spirituous, foreign or domestic spirits, or rectified or distilled spirits; absinthe, whisky, brandy, rum, and gin." § 58-101. "The following are hereby declared to be common nuisances and may be abated as such upon complaint of the attorney-general or the solicitor-general of the circuit, or any citizen or citizens of the county: (1) Any rooms or structures used for the unlawful manufacture, sale, keeping for sale, or other unlawful disposition of the liquors and beverages mentioned in section 58-101, or any of them; (2) all houses, shops, or places where the said liquors and beverages, or any of them are sold, bartered, kept for sale, or otherwise disposed of, to be drunk on or near the premises, or where such liquors or beverages, or any of them, are kept for the purpose of sale or other unlawful disposition thereof; (3) all places of resort where persons are permitted to resort for the purpose of drinking such liquors or beverages, or any of them, mentioned in section 58-101, on or about the premises; (4) any public eating place where the said liquors and beverages, or any of them, mentioned in section 58-101 are sold or served for beverage purposes." § 58-109. These provisions were codified from section 9 of the act approved November 17, 1915. Ga. L. Ex. Sess. 1915, p. 83. "Any place commonly known as a 'blind tiger,' where spirituous, malt, or intoxicating liquors are sold in violation of law, shall be deemed a nuisance, and the same may be abated or enjoined as such, as now provided by law, on the application of any citizen or citizens of the county where the same may be located." Code, § 58-110. This section was codified from the act of 1899, known as the "blind tiger law." Ga. L. 1899, p. 73. See *Cannon* v. *Merry,* 116 *Ga.* 291 (42 S. E. 274).

Under the foregoing statutes and the evidence as to illegal sales and use of intoxicating beverages at the place of business con-

ducted by the defendants, the judge was authorized to grant some kind of interlocutory relief on the petition of the solicitor-general. *Dispensary Commissioners of Lee County* v. *Hooper,* 128 *Ga.* 99 (56 S. E. 997); *Bracewell* v. *Cook,* 192 *Ga.* 678 (3) (16 S. E. 2d, 432). But the defendants, conceding this to be true, attack the order on the grounds: (1) That the finding of the judge that "the allegations" of the petition are true "was erroneous, for the reason that there was no evidence to support all of the allegations in the petition, in that there was no evidence of any indecent acting or immoral conduct carried on." (2) That the court erred in closing the dining-room and dance-hall, because no violation of the law was shown to have been carried on in these parts of the building. (3) That it was error to enjoin the defendants from operating any business whatsoever on said premises, and only illegal acts should have been enjoined. (4) That said order was erroneous in that it "granted a permanent restraining order, without a trial before a jury."

As to the first contention, that there was no evidence of indecent or immoral conduct, the finding of the judge that all of the allegations of the petition were true necessarily included those relating to the illegal sale and use of intoxicating beverages; and this finding alone authorized the order in so far as it was interlocutory and applied to a place where such illegal practices were carried on. *Lokey* v. *Davis,* 194 *Ga.* 175 (21 S. E. 2d, 69); *Ogletree* v. *Atkinson,* 195 *Ga.* 32 (2, 4) (22 S. E. 2d, 783).

As to interlocutory abatement, the decision in *Teutonia Club* v. *Howard,* 141 *Ga.* 79 (2) (80 S. E. 290, Ann. Cas. 1915E, 1062), was rendered before the act of 1915 (Code, § 58-109), which is broader in its remedial provisions than the act of 1899 (§ 58-110), on which that decision was based.

As to the second contention as stated, the judge was authorized to find that the dance-hall, dining-room and bar-room were operated as a unit, and that in such operation, intoxicating liquors were kept and sold in violation of law as alleged in the petition. Accordingly, it was not error to treat them as a unit for the purpose of injunction and abatement. Compare *Carpenter* v. *State,* 195 *Ga.* 434 (24 S. E. 2d, 404). Moreover, the evidence direct and circumstantial was sufficient to bring the case squarely within the Code, § 58-109.

As to the third contention, the authorities relied on, such as *Georgia Railroad & Banking Co.* v. *Maddox,* 116 *Ga.* 64 (6) (42 S. E. 315), *Pig'n Whistle Sandwich Shops Inc.* v. *Keith,* 167 *Ga.* 735 (3) (146 S. E. 455), and *Gordy* v. *Armstrong,* 190 *Ga.* 670 (10 S. E. 2d, 168), apply only to lawful businesses, which in some respects are conducted in an improper manner, and would not apply in favor of a place that is shown to be a nuisance per se and thus subject to abatement as such under specific statute.

As to the fourth contention, it is true that the judge was not authorized, upon such interlocutory hearing, to enjoin the defendants "permanently," as his order purported to do. Direction is given that the last paragraph of the order as quoted above be stricken, so that the defendants will be enjoined only until final trial, or further order of the court. *Triumph Ice Machine Co.* v. *Sandersville Ice Co.,* 147 *Ga.* 468 (2) (94 S. E. 570); *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (2) (16 S. E. 2d, 24).

*Judgment affirmed, with direction. All the Justices concur, except Wyatt, J., disqualified.*