JOHNSON *et al. v.* USHER, Solicitor-General.

No. 17049. APRIL 10, 1950.

*William J. Neville, W. G. Neville,* and *Cohen Anderson,* for plaintiffs in error.

*Walton Usher, Solicitor-General,* contra.

ALMAND, Justice. On petition of the solicitor-general, the Judge of Bulloch Superior Court, upon an interlocutory hearing, granted an order temporarily restraining the defendants, Grady E. Johnson, as operator, and Dan Barton Jr., as Johnson's employee, from using the premises known as Johnson's Grocery, located outside of the corporate limits of Statesboro, in Bulloch County, and ordering the sheriff to abate the use of the structure and building as a nuisance under the provisions of Code §§ 58-109, 58-110, because, as the court found, the premises and property thereon were being used for the purpose of selling, keeping for sale, and bartering intoxicating and spirituous liquors in violation of the laws of Georgia. This order, and other rulings of the court on the hearing, are before us on a writ of error presented by the defendants.

On the hearing of the application of the solicitor-general to have the house and store place, where spirituous and intoxicating liquors were alleged to have been kept and sold in violation of law, declared to be a blind tiger and abated and enjoined as a common nuisance under the provisions of Code §§ 58-109 and 58-110, it was not error for the trial court to admit in evi-

dence the testimony of witnesses for the prosecution that the reputation of Johnson's place of business for dealing in whisky and alcoholic beverages was bad, over the objection that such evidence was inadmissible, improper, prejudicial and hurtful. *Elder* v. *Stark,* 200 *Ga.* 452 (37 S. E. 2d, 598).

■ The sale of intoxicating liquors in Bulloch County is illegal. Under § 58-107 of the Code, the keeping of intoxicating liquors in a building not used exclusively for a dwelling is declared to be prima facie evidence that such intoxicating liquors are kept for sale or with intent to dispose of the same contrary to law. It was therefore not error for the court to admit in evidence the testimony of a police officer, offered by the prosecution, that he, a few days before the institution of the present action, raided the main defendant's storehouse and found a pint of whisky and 10 gallons of wine in a garage 75 to 100 yards from the store building, over the objection that it is not a violation of law to possess a pint of whisky, nor a violation of law to have wine on one's premises, and that such evidence was irrelevant, inadmissible, and did not support the charge that the defendants were maintaining a blind tiger.

■ On the hearing the prosecution offered, and the court admitted, in evidence over objection four accusations, issued from the City Court of Statesboro, each charging the defendant Johnson with a misdemeanor. One accusation charged him with selling beer in March, 1949; another charged him with possessing more than one quart of wine in August, 1948; the third accused him of possessing more than one quart of intoxicating liquor in January, 1948; and the fourth charged him with possessing more than one quart of whisky in March, 1949. On three of these accusations were entries showing that pleas of guilty were entered and sentences imposed. On the other was marked, "Settled upon payment of $35.25." The objections urged against the admission of each accusation were that "they were too remote and [do] not illustrate any issue in this case, and further that the most recent accusation was in April, 1949, which was about six months previous to the filing of the petition to abate the nuisance."

In view of other evidence that in August and September, 1949, in other raids of the defendant's store intoxicating liquors were

found therein, such evidence of prior possession and prosecutions for unlawfully possessing intoxicating liquors and beverages was admissible to show continuity of conduct. There was no error in admitting these accusations. *Elder* v. *Stark*, supra (4).

■ The use of any house or place of business for the purpose of keeping or selling intoxicating liquors, and not the act of possessing or selling liquors, constitutes the basis for declaring such structure or place a common nuisance. *Lokey* v. *Davis*, 194 *Ga.* 175 (21 S.E. 2d, 69). It appearing from the evidence introduced before the trial judge that on six occasions between August 6, 1948, and September 23, 1949, officers had found illegal liquors and beverages in the defendant Johnson's storehouse, and there being evidence that whisky had been consumed on the premises, and the defendants having introduced no evidence to rebut this testimony, we are of the opinion that the evidence was sufficient to authorize the trial judge, on interlocutory hearing, to find that the main defendant's place was a common nuisance, and that its use as such should be abated and enjoined. It was therefore not error for the court to overrule the defendant's motion, made after introduction of the prosecution's evidence, to dismiss the petition, and thereafter to enter an order granting the prayers of the petition. Compare *Davis* v. *Stark*, 198 *Ga.* 223 (31 S. E. 2d, 592).

*Judgment affirmed. All the Justices concur, except Wyatt and Head JJ., who dissent.*

WYATT, J. I dissent from the ruling contained in headnote 1 and the corresponding division of the opinion, and from the judgment of affirmance.