## 23583. CRONIC v. STATE OF GEORGIA.

ARGUED JULY 11, 1966—DECIDED OCTOBER 6, 1966—
REHEARING DENIED OCTOBER 20, 1966.

*J. N. Rainey,* for appellant.

*Floyd G. Hoard, Solicitor General,* for appellee.

ALMAND, Justice. ■ Floyd G. Hoard, as Solicitor General of the Piedmont Judicial Circuit for and in behalf of the State of Georgia, brought his petition against Ed Cronic and his agent Pink Abner to show cause why the place of business owned and operated by Cronic in Jackson County "near the city limits of Hoschton, Georgia," should not be temporarily and permanently padlocked as provided by law. It was alleged in the petition "that the defendant knowingly maintains and uses the aforementioned establishment and premises for the purpose of storing, selling, and dispensing liquor and other alcoholic beverages at said business establishment; that there congregates at said establishment persons of questionable character; that said

business establishment encourages idleness, loitering, vagrancy, and has a tendency to breed crime and debauch the morals of the community; that there is located in said establishment a bar for the serving of alcoholic beverages; that said business establishment is a common nuisance and as such public nuisance should be temporarily and permanently enjoined from operation and should be padlocked, instanta[sic]; that on the 26th day of July, 1965, Ed Cronic entered his plea of the offense of selling liquor, and that on said date the said Ed Cronic entered his plea of selling beer without a license; both of said pleas being in Jackson Superior Court; and that Jackson County is a dry county and the said Ed Cronic and Pink Abner have no license to sell liquor or beer." It was alleged that on March 25, 1966, a raid was conducted on the defendant's premises and a described quantity of liquor and beer was seized.

To the rule nisi, the defendant Cronic filed his (1) plea to the jurisdiction in which he asserted that the defendant's place of business was located within the corporate limits of the City of Hoschton, a municipality of less than 20,000 population, and under *Code* § 72-401 the jurisdiction for the abatement of a public or private nuisance is vested exclusively in the Mayor and Council of the City of Hoschton, and Jackson Superior Court can not entertain such proceeding and (2) general and special demurrers.

On the hearing, in response to the rule nisi, the court overruled (1) the plea to the jurisdiction and (2) the general and special demurrers and (3) entered an order which recited "it is considered, ordered and adjudged that the business establishment described in the petition of the solicitor general is in fact a common nuisance and subject to be abated as prayed in the petition of the solicitor general, and the same is hereby abated, and the defendants, Ed Cronic and Pink Abner, their agents and assigns, are hereby restrained and enjoined as prayed in the petition from the further operation of said business, and from using said premises for any purpose whatsoever. It is further ordered that the Sheriff of Jackson County and his lawful deputies be and they are hereby ordered to padlock said business and building securely and to padlock all openings into

same securely, all until the further order of this court." The case is here on appeal of the defendant Cronic in which errors are enumerated on the orders on the plea to the jurisdiction, the demurrers and the order of abatement.

The primary contention of the appellant is that, it being undisputed that appellant's place of business, sought to be padlocked, was in the corporate limits of Hoschton, the Mayor and Council of the City of Hoschton alone have jurisdiction to abate the alleged nuisance under the provisions of *Code* § 72-401. That Code section deals generally with common law nuisances as defined in *Code* § 72-101, whereas the proceeding here is under the Act of the General Assembly of 1915 (*Code* § 58-109), which provides that, "The following are hereby declared to be common nuisances and may be abated. as such upon complaint of the Attorney General, or the solicitor general of the circuit, or any citizen or citizens of the county: (1) Any rooms or structures used for the unlawful manufacture, sale, keeping for sale, or other unlawful disposition, of the liquors and beverages mentioned in section 58-101, or any of them; (2) all houses, shops or places where the said liquors and beverages, or any of them are sold, bartered, kept for sale or otherwise disposed of, to be drunk on or near the premises, or where such liquors or beverages or any of them, are kept for the purpose of sale or other unlawful disposition thereof; (3) all places of resort where persons are permitted to resort for the purpose of drinking such liquors or beverages, or any of them, mentioned in section 58-101, on or about the premises; (4) any public eating place where the said liquors and beverages, or any of them, mentioned in section 58-101 are sold or served for beverage purposes." *Code* § 58-104 provides the procedure for the enforcement of § 58-109 to the effect that the superior court in the county where the nuisance exists may abate it by the writ of injunction upon the petition of the solicitor general of the circuit. This court in several decisions has upheld proceedings for abatement in the superior court upon similar facts on the petition of the solicitor general. *Walker v. McNelly*, 121 Ga. 114 (1) (48 SE 718); *Dispensary Commrs. of Lee County v. Hooper*, 128 Ga. 99 (56 SE 997); *Lokey v. Davis*, 194 Ga. 175 (21 SE2d 69); *Kilgore v. Paschall*,

202 Ga. 416 (43 SE2d 520); *Norris v. State,* 204 Ga. 441 (50 SE2d 22).

Even prior to the Act of 1915 (*Code* § 58-109), this court held that "the illegal sale of intoxicating liquors is a public nuisance, affecting the whole community in which the sale is carried on, and may be abated by process instituted in the name of the State." *Lofton v. Collins,* 117 Ga. 434 (3) (43 SE 708, 61 LRA 150). See also *Poultryland Inc. v. Anderson,* 200 Ga. 549 (37 SE2d 785).

The court did not err in overruling the plea to the jurisdiction and the demurrers.

■  Since the evidence on the hearing was not brought here, we presume that it was sufficient to support the order padlocking the appellant's place of business.

*Judgment affirmed.  All the Justices concur.*