26295. J. D. JEWELL, INC. et al. v. STATE OF GEORGIA ex rel. HANCOCK et al.

FELTON, Justice. The appeal must be dismissed. (1) The judgments appealed from are not final judgments. The citation for contempt partakes of a proceeding involving both civil and criminal contempt. The issues have not been heard and no judgment of contempt of any kind has been rendered. The matters objected to are not objectionable insofar as civil contempt is concerned and appellants' contention that the rulings are harmful

at this stage of the case are not well taken because the court has not yet found the appellants guilty of criminal contempt and has not based such a finding on evidence which they have been required to produce against themselves. (2) Since the judgments appealed from are not final it requires a certificate from the trial judge to make them appealable and no such certificate has been made in the case. *Code Ann.* § 6-701 (a, 2); *Goldberg v. Monroe,* 224 Ga. 693 (164 SE2d 123).

*Appeal dismissed. All the Justices concur.*

ARGUED FEBRUARY 8, 1971—DECIDED MARCH 4, 1971.

*Norton & Cooper, William L. Norton, Jr., Arnall, Golden & Gregory, C. E. Gregory, Heard & Leverett, E. Freeman Leverett,* for appellants.

*Nat Hancock, District Attorney, Davis & Davidson, Jack S. Davidson,* for appellees.

The case was previously before the court upon appeal by defendants, appellants herein, from a preliminary injunction issued by Jackson Superior Court on October 22, 1969, which provided:

"It is thereupon, Considered, Ordered, Adjudged and Decreed that the defendants, J. D. Jewell, Inc., Sam Underwood, Randall Gee and Jeff Jones, their servants, agents and employees, be and they are hereby temporarily restrained from processing spoiled commodities and are hereby required to maintain an up to date sanitary plant at all times, and further from operating said plant so as to create the least foul and offensive odor possible, and from discharging unwholesome materials in said streams, and these conditions are to be met within a period of six months in compliance with said order." See *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480 (175 SE2d 847). Subsequent to the remand from this court, plaintiffs filed application for contempt, on August 17, 1970, alleging that defendants continued to operate the J. D. Jewell Company plant so as to create foul and offensive odors. The application for contempt has not yet been heard or determined and the present appeal seeks review of four pre-trial orders entered by the trial judge on November 4, as follows: (1) Overruling defendants' motion to quash plaintiffs' notice to produce. (2) Sus-

taining in part plaintiffs' objections to defendants' interrogatories. (3) Denying defendants' motion to compel answer to interrogatories and for recovery of expenses, and sustaining plaintiffs' motion to quash defendants' said motion. (4) Sustaining plaintiffs' motion to strike the second, third, fourth, fifth, sixth, seventh and ninth defenses of defendants.

The application for contempt has not yet been determined, and the trial judge below declined to issue a certificate authorizing immediate appeal provided for by *Code Ann.* § 6-701 (a, 2). In this respect, appellants contend that although not final on its face, the order of the trial judge below, denying defendants' motion to quash plaintiffs' notice to produce is final in substance because of the nature of the determination thereby made, and further, because of constitutional compulsion inherent in the State and Federal constitutional provisions governing the privilege against self-incrimination.

Stated differently, appellants contend that an order, as here, which in substance requires appellants to produce evidence to be used against them in a pending criminal prosecution is necessarily final, and that to deny review at this stage would (1) require appellants to surrender the constitutional right at the same time it is being asserted, and (2) thereby render the question moot so that if not reviewed at this stage, it will never be reviewable.

The appellants contend that the application for contempt involves both civil and criminal contempt, for after alleging that defendants have violated and continue to violate the court's order, the application prays: "1. That a rule nisi issue and be directed to the defendants named requiring them to show cause at a time and place to be fixed by the court why they should not each be adjudged in contempt of court *and why they should not be punished as prescribed by law.* 2. That each of said defendants be held in contempt of court for contemptuously disregarding a judgment and order of this court and in refusing to obey the mandate from this court on the issues determined adversely to them by this honorable court and after the same having been affirmed by a unanimous decision by the Supreme Court of Georgia. 3. That defendants each be imprisoned until their contemptuous conduct has been purged and the order of this court has been fully complied with."

Appellants contended that: "Prayers 1 and 2 clearly are criminal. Number 3 is just as clearly civil. We can assume for purposes here that the suit brought by the district attorney initially was civil in nature. Code § 72-202; *Davis v. Stark,* 198 Ga. 223, 230 (31 SE2d 592). But, this does not alter the fact that, as held in *Alred v. Celanese Corp.,* 205 Ga. 371 (54 SE2d 240), the application for contempt based upon violation of an injunctive order entered in a civil case may itself be criminal in nature." They further contend that: "The application here sounds in criminal contempt. . . Appellants can not produce in the civil part of the case without also producing as to the criminal, and hence the only solution is not to produce at all. Therefore, it ineluctably follows that the court below erred in overruling defendants' motion to quash plaintiffs' notice to produce. This notice to produce requires that appellants produce a long list of documents which will be used as a basis of adjudging in contempt. Could the prosecution serve a notice to produce requiring the defendant in a murder case to produce the murder weapon? How then, does that differ from the present case? We submit that it does not. The law governing subpoenas and notices to produce expressly declares that it applies to criminal cases 'insofar as consistent with the Constitution.' Ga. Laws 1966, Vol. 1, pp. 502, 504. Discovery does not apply to criminal cases. *Blevins v. State,* 220 Ga. 720 (2) (141 SE2d 426). Second, by the very nature of the issue, it is submitted that the ruling below, although not final on its face for purposes of review, is nevertheless final in fact, for otherwise, appellants would be required to surrender their rights at the very time they are asserting them."